**SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**
**AMENDED**

| Case No. | CV 09-3873 PA (CTx) | Date | June 11, 2009 |
|---|---|---|---|
| Title | Syndicate Films Int'l, LLC, et al. v. Alliance Films, Inc. | | |

Present: The Honorable   PERCY ANDERSON, UNITED STATES DISTRICT JUDGE

| Paul Songco | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   ORDER TO SHOW CAUSE

Before the Court is a Complaint (Docket No. 1) filed by plaintiffs Syndicate FilmP International, LLC, Happy Endings Productions, LLC, KIOS Productions, LLC, and Winter passing, LLC ("Plaintiffs"). Plaintiffs allege that jurisdiction exists based on a federal question (copyright infringement).  See 28 U.S.C. §§ 1331, 1338(a).

"Generally, a 'copyright owner who grants a nonexclusive license to use his copyrighted material waives his right to sue his licensee for copyright infringement' and can sue only for breach of contract." Sun Microsystems, Inc. v. Microsoft Corp., 188 F.3d 1115, 1121 (9th Cir. 1999) (quoting Graham v. James, 144 F.3d 229, 236 (2d Cir. 1998)).  However, the existence of a license to use a copyrighted work does not necessarily preclude a claim for copyright infringement.  See id. ("If, however, a license is limited in scope, the licensor can bring an action for copyright infringement.").  For a plaintiff to "gain the benefits of copyright enforcement" rather than remedies for breach of contract, the plaintiff "must definitively establish that the rights it claims were violated are copyright, not contractual rights."  Id. at 1122.  In this action, it is unclear that Plaintiffs' claims constitute copyright infringement rather than breach of contract.  Plaintiffs bring no federal claims besides the claim for copyright infringement.

Accordingly, Plaintiffs are ordered to show cause why this action should not be dismissed for lack of subject matter jurisdiction.  Plaintiff shall file a response in writing no later than June 26, 2009.  Failure to respond to this Order to Show Cause may result in dismissal of this action without prejudice.

IT IS SO ORDERED.