SEND

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 09-3873 PA (CTx) | Date | December 15, 2009 |
|---|---|---|---|
| Title | Syndicate Films Int'l, LLC, et al. v. Alliance Films, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Paul Songco | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Before the Court is defendant Alliance Films, Inc.'s ("Defendant") Motion to Dismiss the First, Second, Fourth, and Sixth Causes of Action in the First Amended Complaint ("FAC"). (Docket No. 22.) Plaintiffs Syndicate Films International, LLC, Happy Endings Productions, LLC, KIOS Productions, LLC, and Winter Passing, LLC (collectively "Plaintiffs") allege that they entered into licensing agreements with Defendant whereby Defendant agreed to pay certain "minimum guarantee amounts" upon Plaintiffs' delivery of four motion pictures. The FAC alleges that Plaintiffs delivered these motion pictures, but Defendant never paid the minimum guarantee amounts. Based on Defendant's nonpayment, Plaintiffs bring causes of action for copyright infringement, breach of contract, and various other state law claims.

Attached to the FAC are four unsigned written agreements which are alleged to contain the terms of the licensing agreements between Plaintiffs and Defendant. One of these terms states: "Any dispute arising out of this Agreement will be resolved by binding arbitration under the IFTA Rules of International Arbitration . . . ." FAC, Ex. B, Schedule A, ¶ 25. A district court is required to direct the parties to arbitration if it determines that the parties agreed to arbitrate. Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 719 (9th Cir. 1999). "[T]he district court can determine only whether a written agreement exists, and if it does, enforce it in accordance with its terms." Id. at 720. "While the [Federal Arbitration Act] 'requires a writing, it does not require that the writing be signed by the parties.'" Nghiem v. NEC Elec., Inc., 25 F.3d 1437, 1439 (9th Cir. 1994)(quoting Genesco, Inc. v. T. Kakiuchi & Co., 815 F.2d 840, 846 (2d Cir. 1987)).

Accordingly, the Court orders the parties to show cause in writing as to why this matter should not be resolved through arbitration. The parties shall file their responses to this order no later than December 29, 2009. The hearing on Defendant's Motion to Dismiss is continued from December 21, 2009 to January 11, 2010 at 1:30 p.m.

IT IS SO ORDERED.